## VAUGHAN ET AL. VS. MATLOCK.

There being no precise form of words necessary to constitute a covenant, it must depend upon the intention of the parties, and to ascertain that intention the court may look, not only to the instrument, but to the circumstances attending its execution:

A lease of a lot of ground, described by metes and bounds, "together with the fire proof brick cotton ware-house built thereon, and all and singular the other appurtenances thereunto belonging," construed to be a covenant that the warehouse was fire proof, it appearing that the lessees leased the premises for the purpose of procuring a fire proof ware-house, in which to store cotton, etc.

*Appeal from Ouachita Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

LYON for the appellants.

The representations by the lessor in the deed of lease, viz: that there was on the lots described therein a fire proof brick cotton ware-house, was not a mere description, but is an implied covenant on the part of the lessor. See *Parker et al. vs. Smith et al.* 17 *Mass. R. p.* 413, and *Gates vs. Caldwell et al. exrs.* 7 *Mass. R.* 68.

A covenant may be created by any form of words, which show the intention of the parties. *Fairfax vs. Lewis,* 2 *Rand.* 20; 2 *Bibb* 614; 5 *Cow.* 170; 2 *Hillard Real Property, p.* 385, *ch* 86, *sec.* 4.

FARRELLY & FINLEY, for appellees.

A party to a covenant of lease, who has executed his promissory note for a sum certain, in consideration of such a lease, cannot plead a partial failure of consideration, to avoid the payment of the note, or by way of recoupment, on the ground that he was induced to enter into said covenant of lease by the representations of the lessor, and that these representations were not true. See 1 *Greenl'f. Ev.* 275, 276, 281; *Boarman vs. Johnston,* 12 *Wend.* 573; 1 *Spence's Eq. Jur.* 779; 6 *Ves.* 678; 2 *Kent's Com.* 471, 473, 478; 15 *Ark..*491; 1 *Eng.* 412.

Mr. Justice COMPTON delivered the opinion of the court.

This was assumpsit by Matlock against Vaughan & Arrington, on a promissory note for the payment of twelve hundred dollars.

As a defence to the action the defendants pleaded a partial failure of consideration, averring in their plea, that the note sued on was made with four others, each for the same sum, and all dated 4th February, 1857, for the sole consideration of the yearly rents for the lease to them by the plaintiff, for a term of five years, of certain lots of ground lying in the city of Camden, on which was a brick ware-house, for storing cotton and "up freight;" that the contract for the lease of the premises was reduced to writing, was signed and sealed by both parties,

and contained on the part of the plaintiff, a covenant warranting the ware-house fire proof, that the sole inducement moving the defendants to take the lease, was that they might have the use of a fire proof ware-house for the storage of freight and produce; and that but for the covenant aforesaid, they would not have leased the premises. The plea further averred that the ware-house was not fire proof, and that in consequence thereof, the defendants had sustained damage, etc.

The plaintiff had oyer of the lease, and setting it out, demurred to the plea, assigning for cause of demurrer, that the lease contained no covenant warranting the ware-house fire proof. The court sustained the demurrer, and the defendants declining to plead further, final judgment was rendered and they appealed.

The deed states "that the said John Matlock, for and in consideration, etc., hath demised, etc., and by these presents doth demise, etc., unto the said Vaughan & Arrington, their executors, etc., all that messuage and lot of ground situate, lying and being in said city of Camden, described as follows: Four lots of land Nos. 199, 200, 201 and 202, in block No. 43, each fronting on the southerly line of Van Buren street, 40 feet, and running back therefrom southerly the width of their respective fronts, each to Tyler Alley, 110 feet, and Polk street on the east. Together with the fire proof brick cotton ware-house, built thereon, and all and singular the other appurtenances thereunto belonging," etc.

The only question presented for our determination is, whether the words "fire proof brick ware-house," in the above extract, are to be understood as a covenant on the part of Matlock. There being no precise form of words necessary to create or constitute a covenant, this must depend on what is to be collected as the intention of the parties, and to ascertain that intention we may not only look to the instrument itself, but also to the circumstances attending its execution; for, though no rule is better established, than that parol evidence is not admissible to add to, alter or contradict a written contract, it is equally

well settled that, to introduce parol evidence of surrounding circumstances, in order to arrive at the real intention of the parties, and to make a correct application of the *words* of the contract to the subject matter thereof, and the objects professed to be described, is no infringement of the rule. *Addison on Cont. p.* 847; 1 *Green'l. Ev. secs.* 277, 286 *and note.* And the surrounding circumstances in this case, as disclosed by the plea, we must take to be true, because by the demurrer they are admitted to be so. We find, then, that Vaughan & Arrington leased the premises for the purpose of procuring a fire proof ware-house, in which to store cotton and "up freight." In the lease, Matlock described his to be such. Was this merely to identify the premises leased? We think not. The premises are described as four certain lots of ground, with specified metes and bounds, "together with the fire proof brick cotton ware house, built thereon, and all and singular the other appurtenances thereunto belonging." If, after describing the lots by number, block and boundary, the description had continued, "together with all the appurtenances thereunto belonging," would not that have been sufficient? Or, if it had continued "together with the brick ware house, and all other appurtenances, etc," would not that have been a sufficient description? Undoubtedly so. But the description in the lease went further—the ware house was described as "fire proof," which, we think, was not meant to be merely descriptive of the property, but was a covenant of warranty as to its quality.

And this construction is not unsupported by authority. In *Parker et al. vs. Smith et al.* 17 *Mass.* 411, land had been conveyed as bounded on a way upon one side, and it was decided that this was not merely a description, but an implied covenant that there was such a way. The court said: "The principal question in this case arises upon the construction of the deed of Joseph Russell to Benjamin Taber, in which he conveys a piece of land in what is now the town of New Bedford, bounding it southwardly and westwardly on a way, or street. By this description the grantor and his heirs are estopped from

denying that there is a street or way to the extent of the land on those two sides. We consider this not merely to be a description, but an implied covenant that there are such streets. It probably entered much into the consideration of the purchase, that the lot fronted upon two ways, which would be always kept open, and, indeed, could never be shut without a right to damages in the grantee or his assigns." This case was cited with approbation in *Emerson vs. Wiley*, 10 *Pick.* 310, subsequently decided by the same court. So, *in the matter of Lewis Street*, 2 *Wend.* 472, it was held, that where a building lot was sold, bounded on a street, in the city of New York, designated as such on the city map, or on a map made by the owner of the lands, in reference to which sales were made, although the street remained, at the time, unopened under the authority of the corporation, a covenant might well be implied that the purchaser should have an easement or right of way in the street, to the full extent of its dimensions. The same principle has been frequently applied in cases touching the sale of chattels. Thus, where wool was sold in sacks, on which, and in the invoice, it was described as of a certain quality, the seller was held thereby to warrant that the wool was of that quality. *Richmond Trading & Manuf. Co. vs. Farquar*, 8 *Black.* 89. In *Hastings vs. Lovering*, 2 *Pick.* 214, the article sold was described in the sale note, and also in the bill of parcels as two thousand gallons *prime quality* winter oil. This was held to be a warranty that the oil was such as described. See, also, *Henshaw vs. Robins*, 9 *Metc.* 83; *Osgood vs. Lewis*, 2 *Har. & Gill* 495.

Let the judgment be reversed, and the cause be remanded for further proceedings.